UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEVIN JOSEPH KENNEDY,   Civ. No. 14-1908(PAM/JSM)

    Petitioner,   REPORT AND RECOMMENDATION

v.

UNITED STATES OF AMERICA,

    Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. [Docket No. 1]. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

Petitioner Kevin Joseph Kennedy is presently incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). Petition, p. 26 [Docket No. 1]. On May 8, 2003, Kennedy was sentenced in the United States District Court for the Northern District of Illinois to 240 months of imprisonment and five years of supervised

---

[1]   Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), 2002 WL 31045849 at *2 (D. Minn. 2002); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1 (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 1990 WL 171789 at *3 (N.D. Ill. 1990).

release for Possession With Intent to Manufacture More than 500 Grams of Methamphetamine and Felon in Possession of a Firearm.  Petition, Sentencing Transcript, ECF p. 2 [Docket No. 1-1]; Kennedy v. Terrell, Civ. No. 09-1043(PAM/JSM) (D. Minn), Declaration of John A. Farrar, Attach. 3 (Judgment in a Criminal Case) [Docket No. 6-1].[2]  Kennedy is serving his federal sentence concurrent with state convictions for Possession of Methamphetamine and Possession of Weapon as Felon.  Report and Recommendation, Civ. No. 09-1043(PAM/JSM), p. 2 [Docket No. 10].

Kennedy filed a pro se motion under §2255 challenging his sentence.  United States v. Kennedy, Civ. No. 04-50207, 2004 WL 2403806, at *1 (N. D. Ill. Oct. 18, 2004).  Kennedy's written plea agreement contained a waiver of his right to file a §2255 challenge to his sentence, therefore, the court[3] focused its inquiry into whether his waiver was voluntary and knowing or, as Kennedy argued, was the result of ineffective assistance of counsel.  Id.  The court noted that Kennedy's assertions regarding his waiver "falter in the face of what occurred in this case:"

> The record of the Rule 11 colloquy shows that this court advised Kennedy at that time that he faced a potential sentencing range of 235 to 292 months, which Kennedy stated he understood. He further stated that he both read and reviewed with his attorney the plea agreement. Kennedy also stated that he was satisfied with his counsel's advice related to the plea agreement. Further, he stated that he voluntarily agreed to a particular amount of methamphetamine. Finally, Kennedy stated he understood that he was giving up his right to bring a § 2255 motion and

---

[2]  Kennedy's recitation of the facts regarding his conviction in the instant habeas petition was incomplete.  Therefore, the Court has relied in part on the pleadings in Petitioner's first habeas petition, Kennedy v. Terrell, Civ. No. 09-1043 (PAM/JSM) (D. Minn.).

[3]  Judge Philip Reinhard, who sentenced Petitioner, also decided Kennedy's §2255 motion.

> that in return the government was agreeing to forego seeking a two level enhancement. All of these facts reflect that Kennedy received the effective assistance of counsel related to the § 2255 waiver.

Id. The court denied Kennedy's motion. Id. at *2. Kennedy appealed the court's denial of his motion to the Seventh Circuit Court of Appeals. United States v. Kennedy, Civ. No. 04-50207 (N.D. Ill), Petitioner's Notice of Appeal [Docket No. 26]. The Seventh Circuit construed Petitioner's Notice of Appeal as an application for a certificate of appealability, reviewed the district court's order and the record on appeal, and concluded that there was "no substantial showing of the denial of a constitutional right." Id., Mandate of the Seventh Circuit Court of Appeals [Docket No. 33]. Therefore, the court denied Petitioner's request for a certificate of appealability. Id.

After the Seventh Circuit issued its mandate, Kennedy filed in the Northern District of Illinois a "Motion to Set Aside Judgment Pursuant to the All Writs Act, 28 U.S.C. §1651(a), Rule 60(b)(6) and For Leave of Court to Present Evidence Previously Protected." Id. [Docket No. 34]. Kennedy claimed that this motion was not a successive filing under §2255 because he was moving to set aside the court's order regarding his §2255 motion and because his waiver of his right to bring a motion under §2255 was the result of ineffective assistance of counsel. Further, he had uncovered new evidence showing that the drugs for which he was charged had a lower methamphetamine yield than the yield that was the basis of his plea agreement. Id., pp. 5, 11-13. The district court in Illinois dismissed Kennedy's motion, observing:

> The threshold issue in this case is whether the court has jurisdiction to consider the Rule 60(b)(6) motion. Despite its label as a motion under Rule 60(b), if the ground of the motion and the relief it seeks mark the motion as the functional equivalent of one under §2255 because it

3

> challenges the legality of the prisoner's detention and seeks his release, then it is to be treated as a motion under §2255. <u>Curry v. United States</u>, 507 F.3d 603, 604 (7th Cir. 2007). If a Rule 60(b) motion is really a successive post-conviction claim, the district court will lack jurisdiction unless the prisoner has first obtained permission to file it from the Court of Appeals.
>
> \*\*\*
>
> While superficially his current motion appears to be a straightforward challenge to this court's ruling of October 18, it is in fact a cleverly disguised attempt to challenge the validity of his §2255 waiver. Any challenge to the validity of that waiver must be made via a §2255 motion, just as Kennedy did in his initial §2255 motion.
>
> \*\*\*
>
> Because it is a successive such motion, for which Kennedy has not obtained permission from the Court of Appeals, this court lacks jurisdiction to consider it and accordingly dismisses the motion.

<u>Id.</u>, Minute Entry and Order, January 31, 2011 [Docket No. 35]. The court further noted that the motion lacked merit, as Kennedy's sentence was not based on a particular drug yield, but on conduct to which he stipulated. <u>Id.</u>, p. 2, n.2. The district court declined to issue of Certificate of Appealability. <u>Id.</u> Kennedy appealed this Order, (Docket No. 36), and the Seventh Circuit dismissed his appeal for failure to pay the filing fee. <u>Id.</u>, Mandate of the Seventh Circuit [Docket No. 40]. Kennedy sought <u>In Forma Pauperis</u> ("IFP") status, which the district court denied. Minute Entry and Order, March 31, 2011 [Docket No. 43]. Kennedy appealed both the district court's denial of a certificate of appealablity and its refusal to grant him IFP status and the Seventh Circuit issued its mandate denying the Certificate of Appealability and denying Kennedy's motion for leave to proceed IFP. <u>Id.</u>, Mandate of the Seventh Circuit Court of Appeals, November 15, 2011 [Docket No. 47].

4

Kennedy next filed in the Northern District of Illinois a pleading entitled "Judgment as a Matter of Law Replacing Judgment non obstante veredicto." Id. [Docket No. 48]. Kennedy again attacked the waiver of his right to file a §2255 motion, this time arguing that the waiver was unconstitutional. Id., pp. 5-6. Kennedy also argued that the district court "never had proper jurisidiction" over his criminal matter and that as a result he should "be granted his right to be free." Id., p. 6. At the conclusion of this pleading, Kennedy attached a document entitled "Formal Notice," which purports to be a "Notice of Acceptance" under "UCC-1-201."[4] Id. p. 10. This notice described a series of "accepted" facts such as that his criminal case had been "terminated," the criminal charges unconstitutionally placed him in a "bonded warehouse" owned and operated by the government, the "Warehouseman" (Warden Jett, FMC-Rochester) is in need of a formal discharge and release in order to release Kennedy, and "all bonds issued by the parties are released and all property returned to its rightful owners." Id., pp. 1-2.

This pleading was followed by a Writ of Mandamus that Kennedy filed with the Seventh Circuit in which he claimed that his "release and discharge" had been "accepted" by the district court because the district court failed to object to the facts described in his "Notice of Acceptance" and that he was being illegally detained by "bankrupt" entities (the State of Illinois and the United States Government); he was being held without "legal bond" at FMC-Rochester; and an "Order of Immediate Release/Discharge" was "lawful and necessary." Id., Writ of Mandamus [Docket No. 49]. The Seventh Circuit summarily denied Kennedy's Petition for Writ of Mandamus. Id. [Docket No. 52].

---

[4] This reference is to the UCC's General Definitions.

On May 4, 2009, Kennedy filed a Petition for Habeas Corpus under 28 U.S.C. §2241 in this District, challenging the Bureau of Prison's computation of his jail time and contending that the BOP had improperly refused to give him credit for certain time. Petition, Civ. No. 09-1043 (PAM/JSM), p. 2 [Docket No. 1]. This Court recommended denying the petition and the District Court adopted this Court's Report and Recommendation. Order dated May 24, 2010, Civ. No. 09-1043(PAM/JSM) [Docket No. 11].

On June 13, 2014, Kennedy filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Kennedy is again challenging the sentence imposed in his criminal case. Kennedy's arguments are unclear, but he appears to be arguing: (1) a mandatory minimum sentence was imposed based on an amount of drugs determined by the sentencing judge and not a jury, in violation of Alleyne v. United States, 133 S.Ct. 2151 (2013) and Apprendi v. New Jersey, 530 U.S. 466 (2000); (2) his sentence was improperly enhanced under the Armed Career Criminal Act when in fact, his previous crimes (burglaries) were non-violent; (3) as a result of his "improper sentence," the Bureau of Prisons is imposing on him an improperly high institutional security level rating, which is affecting his ability to enroll in rehabilitative opportunities, benefits such as anti-recidivism programming and the opportunity to be placed at a prison camp; (4) with the "reversal" of his "sentencing disparity," he might qualify for further sentence reduction; (5) there has been a breach of his plea agreement – a claim that seems to be based on Kennedy's assertion that his Presentence Investigation Report stated that he was not a career offender and, as a result, he should not have been subject to a

sentence enhancement under the Armed Career Criminal Act; and (6) the waiver[5] was "improperly negotiated" because it was predicated on a plea that precluded the Government from asking for an enhanced sentence, yet at the sentencing hearing, the Government "allowed" the sentence to be enhanced and Petitioner's lawyer failed to object. Petition, pp. 3-24.

For the reasons described below, this Court recommends that the Petition be summarily dismissed.

## II.    DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. §2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(emphasis added).

In effect, a motion brought in the trial court under §2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under §2255

---
[5]    Petitioner did not describe this waiver, but the Court assumed he was referring to his waiver his right to file a §2255 challenge to his sentence

. . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought under 28 U.S.C. §2241, unless the prisoner has affirmatively demonstrated that the remedy provided by §2255 "'is inadequate or ineffective to test the legality of . . . [his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a §2241 habeas petition from being dismissed under the §2255 exclusive remedy rule.

In this case, it is readily apparent that Kennedy is challenging the sentence imposed by the district court in the Northern District of Illinois—just as he has many times previously. Because Kennedy is directly challenging the validity of the sentence imposed by the trial court, his current habeas corpus petition is barred by §2255's exclusive remedy rule, unless the savings clause applies.

In some cases, a §2241 habeas petition that is barred by the exclusive remedy rule can be construed to be a motion brought under §2255, and the matter can then be transferred to the original trial court so the prisoner's claims can be addressed on the merits there. However, Kennedy is precluded from seeking relief under § 2255 because he unequivocally waived his right to seek relief under §2255 in connection with his plea agreement—a waiver that has been found valid and enforceable. See Kennedy, 2004

WL 2403806, at *2, Mandate of the Seventh Circuit Court of Appeals, [Docket No. 33, Civ. No. 04-50207].

Moreover, it clearly appears that Kennedy has deliberately attempted to bring his current claims in a §2241 habeas corpus petition, because he knows he cannot seek relief under §2255. In short, Kennedy apparently believes that he is exempt from § 2255's exclusive remedy rule under the savings clause, (Petition, p. 5), and that he can challenge his sentence in a §2241 habeas proceeding. This Court finds otherwise. The procedural rules limiting availability of relief under §2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a §2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a §2241 habeas corpus petition. Indeed, the Eighth Circuit has expressly confirmed that §2255 will <u>not</u> be viewed as inadequate or ineffective "merely because §2255 relief has already been denied . . . or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive §2255 motion has been dismissed . . . ." <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted) (emphasis added). <u>See</u> <u>also</u> <u>Hill</u>, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a §2255 petition");

Kennedy's waiver of his right to seek relief under §2255 is "just another procedural obstacle, like the statute of limitations, (<u>see</u> §2255(f)), or the restriction on filing second or successive §2255 motions (<u>see</u> §2255(h)). The waiver by itself does not affect the adequacy of the legal remedy provided by §2255." <u>Gonzalez v. United</u>

9

States, Civ. No. 14-1277 (PAM/JJG), 2014 WL 2481853, at *3 (D. Minn. June 3, 2014) (citing Sanchez v. United States, Civ. No. 13–847 (PAM/JJG) (D. Minn. April 18, 2013), 2013 WL 2052553, at *3 (Report and Recommendation adopted May 14, 2013, at 2013 WL 2052306); Winters v. Fisher, Civ. No. 09–3312 (MJD/SRN), 2009 WL 5185756 at *3, n. 3 (D. Minn. Dec. 22, 2009) ("waiving the right to use the remedy provided by §2255 does not cause the remedy itself to be inadequate or ineffective") (citing Adams v. Samuels, 2006 WL 695250, at *3 (E.D. Ky. March 13, 2006)). See also Johnson v. Warden, 551 Fed. Appx. 489, 491 (11th Cir. 2013) ("[A] voluntary waiver of the right to bring a §2255 motion . . . would not render [§2255] inadequate.") (citation omitted); Jennings v. Holland, 2010 WL 1839011, at *3 (E.D. Ky. May 6, 2010) (because habeas petitioner "waived his right to file a §2255 motion challenging his conviction and sentence, he cannot argue that his remedy under §2255 was inadequate or ineffective to test either the validity of his confinement or his sentence, he cannot avail himself of the savings clause of §2255 and he cannot obtain relief in this Court via §2241."); Nguyen v. Davis, 2010 WL 902481 at *2 (D. Colo. March 12, 2010) (habeas petitioner's "waiver of his right to file a § 2255 motion is merely a procedural bar to obtaining relief pursuant to §2255 and . . . the existence of a procedural bar is not sufficient to demonstrate that the remedy available pursuant to §2255 is inadequate or ineffective"); Murrah v. Rivera, 2009 WL 252095, at *3 (D.S.C. Feb. 2, 2009) ("[t]he fact that a challenge to [habeas petitioner's] sentence is not available under § 2255 because he waived his statutory right to a collateral attack does not make § 2255 ineffective or inadequate"); Reid v. Williamson, 2007 WL 2688722 at *2 (M. D. Pa. Sept. 11, 2007)

("[t]he fact that [habeas petitioner] waived his right to an appeal under § 2255 in a plea agreement does not render § 2255 inadequate or ineffective").

Because the savings clause is not applicable, Petitioner's current § 2241 habeas corpus petition is barred by the exclusive remedy provision of § 2255(e), and this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court recommends that Kennedy's pending application to proceed in forma pauperis, [Docket No. 2], be summarily denied. See 28 U.S.C. §1915(e)(2)(B)(ii); see also Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir.1996) ( per curiam ) (IFP application should be denied where habeas petition cannot be entertained).

## III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.    Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, [Docket No. 1], be **DENIED**.

2.    Petitioner's Application to Proceed In Forma Pauperis [Docket No. 2] be **DENIED.**

Dated: August 11, 2014                           *Janie S. Mayeron*
                                                 JANIE S. MAYERON
                                                 United States Magistrate Judge

### NOTICE

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 25, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within 14 days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.